UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:24-CV-00110-DJH-HBB

**HICKORY SPRINGS MANUFACTURING COMPANY**                                    **PLAINTIFF**

**VS.**

**DANA COLLINS**                                                                                              **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Dana Collins' motion for leave to file a sur-reply (DN 22). Plaintiff Hickory Springs Manufacturing Company ("HSM") filed a response in opposition at DN 23, and the matter stands submitted for ruling.

HSM manufactures foam for furniture, bedding, medical and packaging market applications (DN 1, p. 1). Collins was employed as a plant manager at HSM's Owensboro foam fabrication facility (*Id.* at p. 3). In September 2024, HSM closed the Owensboro facility and transferred operations to HSM facilities in other states (*Id.* at p. 4). Collins formed a business organization and leased the former HSM facility for the purpose of continuing foam product manufacturing (*Id.* at p. 5). HSM brings this action against Collins alleging that she has breached her employment contract, misappropriated trade secrets, and violated a fiduciary duty owed to HSM (*Id.* at pp. 7-11).

In conjunction with its Complaint, HSM filed a motion seeking both a temporary restraining order and a preliminary injunction (DN 4). The Court denied the motion for a temporary restraining order due to HSM's failure to include the attorney certification required by

Fed. R. Civ. P. 65(b)(1)(B) (DN 9). As to HSM's motion for a preliminary injunction, the Court deferred ruling until the motion was fully briefed (*Id.*). Thereafter Collins filed her Response to the motion at DN 18 and HSM replied at DN 21. Collins' present motion seeks leave to file a sur-reply.

In its motion for a temporary restraining order, HSM argued that Collins was bound by an employment agreement which prohibits her use of HSM's proprietary information, soliciting HSM's customers and employees or competing with HSM (DN 4, p. 1). HSM contends that, in assuming foam manufacturing operations at HSM's former facility, Collins is in violation of all of these restrictions (*Id.* at pp. 1-2). In support of its motion HSM addressed the issues the Court considers in deciding whether to grant a temporary restraining order: (1) whether it has a strong likelihood of success on the merits, (2) whether it would suffer irreparable injury absent a stay, (3) whether granting the stay would cause substantial harm to others, and (4) whether the public interest would be served by granting the stay (DN 4, p. 3-13) (citing *Stein v. Thomas*, 672 F. App'x 565, 569 (6th Cir. 2016) (quoting *Ne. Ohio Coal. For Homeless & Serv. Emps. Int'l Union, Loc. 1199 v. Blackwell*, 467 F.3d 999, 1005-06 (6th Cir. 2006)) (internal quotations omitted).

Collins' Response raised factual disputes to whether HSM could satisfy the factors courts consider in determining whether a temporary restraining order is appropriate (DN 18, p. 2). In addition, she asserted that she had inquired of HSM whether there was any restriction on her ability to assume operations after HSM ceased production, and was specifically told there was no restriction (*Id.* at p. 2). Based upon this, she argued that HSM was equitably estopped from an attempt to enforce the non-compete agreement (*Id.* at pp. 15-17). Alternatively, Collins argued that promissory estoppel barred HSM from enforcing the employment agreement (*Id.* at pp. 17-18). Finally, Collins advocated that the employment contract provided that it would be construed under

the laws of North Carolina, as specified in the contract, rather than those of Kentucky (*Id.* at pp. 10-12).

In reply, HSM disputed Collins' statements of facts regarding its alleged representation to her that there was no prohibition against her assuming operations at the facility (DN 21, pp. 1-2). HSM argued that estoppel was not applicable, and, moreover, the doctrine of unclean hands precluded Collins from employing an estoppel argument (*Id.* at pp. 4-9). HSM also disputed that North Carolina law was applicable to the dispute (*Id.* at pp. 3-4).

Collins notes in her present motion that she bears the burden of establishing that estoppel is applicable, and thus HSM's reply was the first time it addressed the issue, resulting in it having the last word with no opportunity for her to challenge HSM's rebuttal of her argument (DN 22).

"Generally speaking, sur-replies are 'highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter.'" *Crenshaw v. Portfolio Recovery Assocs., LLC*, 433 F. Supp. 3d 1057, 1063 (W.D. Ky. 2020) (citation omitted). "Sur-replies may be permissible, however, such as '[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated.'" *Brackett v. Colum. Gulf Transmission, LLC*, No. 1:20-CV-00168-GNS-HBB, 2024 U.S. Dist. LEXIS 113454, *12 (W.D. Ky. June 27, 2024) (quoting *Key v. Shelby Cnty.*, 551 F. App'x 262, 265 (6th Cir. 2014)). Here, as HSM points out, "HSM did not raise any new arguments or evidence— instead, HSM merely addressed points raised for the first time by Defendant in her response" (DN 23, p. 1).

**WHEREFORE**, Defendant's motion for leave to file a sur-reply, DN 22, is **DENIED**.

H. Brent Brennenstuhl
United States Magistrate Judge

December 27, 2024

Copies:  Counsel